UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff and Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-1416-B |
| RICHLAND TRACE OWNERS ASSOCIATION, INC., | § § § § | |
| Defendant/Counter-Plaintiff and Third Party Plaintiff, | § § § | |
| v. | § § | |
| J.S. HELD, LLC, | § § | |
| Third Party Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Third-Party Defendant, J.S. Held, LLC ("Held")'s Motion to Dismiss Third Party Plaintiff Richland Trace Owners Association, Inc. ("Richland")'s fraud counterclaim (Doc. 64). The Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Richland's fraud claim against Held.

## I.

## BACKGROUND

This case arises from an insurance coverage dispute. Plaintiff/Counter Defendant, Landmark American Insurance ("Landmark") insured Richland's building. Doc. 46, First Am.

Counterclaim, ¶ 61. During a severe winter storm, pipes burst in Richland's building, causing millions of dollars in damages. *Id.* ¶ 63.

Landmark retained Held to determine the cost to repair Richland's building. *Id.* ¶ 66. Landmark "wrongfully denied coverage" and through Held "manually manipulated estimates to reduce Xactimate pricing and undervalue the claimed damages at the property as shown in estimate audits." *Id.* ¶ 68. Richland does not explain what Xactimate is in its Amended Counterclaim.

Landmark brought a claim for declaratory relief against Richland. Doc. 1, Compl., ¶¶ 49–51. Richland filed various counterclaims against Landmark. Doc. 17, First Am. Answer, ¶¶ 82–99. Six months after this case was filed, Richland moved for leave to file an amended counterclaim to add Held to the suit. Doc. 26, Mot. Leave, 2. The Court granted leave. Doc. 45, Order, 1. In its Amended Counterclaim, Richland only asserts a fraud claim against Held. Doc. 46, First Am. Counterclaim, ¶¶ 100–02. Richland alleges that Held "made material false representations to [Landmark] with knowledge of their falsity . . . by manually manipulating estimates to . . . undervalue the claimed damages at the property." *Id.* ¶ 101.

Held filed a Motion to Dismiss for failure to state a claim, arguing that Richland did not plead its fraud claim with particularity. Doc. 64, Mot., 2. The Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

A court can dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to

dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Fraud claims are subject to a heightened pleading standard. A plaintiff must plead "with particularity the circumstances" surrounding the fraudulent claims alleged. FED. R. CIV. P. 9(b). "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

## III.

## ANALYSIS

### A.    *Richland Did Not Plead Fraud with Particularity.*

The elements of a common law fraud claim under Texas law are (1) a material representation was made; (2) the representation was false; (3) the speaker knew it was false or made it recklessly; (4) the speaker made the representation with the intent that the other party should rely on it; (5) the other party relied on it; and (6) the party was injured because of their reliance. *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 406 (5th Cir. 2007); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). To survive a motion to dismiss, a plaintiff must allege the elements of fraud with particularity. FED. R. CIV. P. 9(b); *Dorsey*, 540 F.3d at 339. Richland alleges that Held (1) made material representations about price estimates for repairing the pipes; (2) manipulated those price estimates; (3) intentionally; (4) with the intent that Richland would rely on them; (5) that Richland did rely on them; and (6) Richland suffered injuries by not receiving full recovery for its property damages. *See* Doc. 46, First Am. Counterclaim, ¶ 101. However, Richland failed to plead any of these elements with particularity.

The "who, what, when, where, and how" are not pleaded with particularity in Richland's Amended Counterclaim. First, Richland did not properly plead "who" made the alleged statement. Richland simply alleges that Held "manually manipulated estimates." Doc. 46, First Am. Counterclaim, ¶ 68. Held is a company, not an individual. *Id.* ¶ 59. Identifying Held as the "who" is not sufficient. *See 7-Eleven, Inc. v. Puerto Rico-7 Inc.*, No. 3.08-cv-000140-B, 2008 WL 4951502 at *4 (N.D. Tex. Nov. 19, 2008) (Boyle, J.). Instead, the plaintiff must identify the company's representative who made the statement. *Id.* Because Richland did not allege which employee or representative of Held manipulated the estimates, it failed plead the "who" with particularity.

Richland likewise did not properly plead "when" and "where" the alleged misrepresentation occurred. Richland alleges that "Landmark, through . . . [Held] manually manipulated estimates[.]" Doc. 46, First Am. Counterclaim, ¶ 68. But it does not assert when or where the alleged manipulation occurred or when or where Landmark used the manipulated estimates to create a fake insurance report. Richland argues the "when" was "the specific handling period" during which Held undervalued the claim. Doc. 66, Resp., 6. But stating the entire duration of the business relationship as the "when" for fraud is insufficient. Richland needed to allege the date on which Held manipulated the estimates.

Richland did not properly plead "what" and "how" the alleged manipulation occurred. Richland did not allege what specific information was manipulated. It did not allege how the price estimates worked. It did not allege how it discovered that the price estimates were manipulated. It did not allege what Held communicated to Richland. In fact, it did not even allege whether Held ever made statements to Richland. The Court finds that Richland's allegations fail to plead the "who, what, when, where, and how" of a fraud claim. *See Dorsey*, 540 F.3d at 339.

In its Response, Richland states that "[p]ut simply, rule 9(b) requires the who, what, when, where, and how to be laid out." Doc. 66, Resp., 4 (internal quotations omitted). And Richland argues that it has pled its fraud claim "with more than sufficient specificity." *Id.* at 5. But in its 25-page Amended Counterclaim, Richland only includes one allegation against Held: that it "manually manipulated estimates[.]" Doc. 46, First Am. Counterclaim, ¶ 68. Richland entirely fails to allege any facts to plead its fraud claim with particularity, much less "with more than sufficient specificity." Doc. 66, Resp., 5.

B.     *Held Was Not Required to File a Motion for a More Definite Statement.*

Richland argues that Held should have filed a motion for a more definite statement instead of a motion to dismiss. *Id.* at 7–8. This argument lacks merit. Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." In effect, while "a motion to dismiss under Rule 12(b)(6) attacks a pleading for failing to allege a cognizable legal theory eligible for some type of relief, a Rule 12(e) motion for more definite statements attacks pleadings that do, in fact, state cognizable legal claims but that fail to state them with sufficient particularity." *Martin v. Tesoro Corp.*, No. 2:11-CV-1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (internal quotations and citations omitted). Because Richland failed to allege a cognizable legal theory to support its fraud claim, a 12(e) motion would not allow Richland to cure the defects in its Amended Counterclaim.

C.     *The Court Does Not Grant Leave to Amend.*

A plaintiff's failure to plead fraud with particularity should not automatically result in dismissal with prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). However, a

court may dismiss a fraud claim with prejudice if the pleading defect is futile or if "the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

In its Response to Held's Motion to Dismiss, Richland merely asserted that it has pleaded its fraud claims "with more than sufficient specificity." Doc. 66, Resp., 5. But Richland requested, in the alternative, the opportunity to amend its complaint for a second time. *Id.* at 9. In its Prayer, Richland asks the Court to "grant leave" for it to "plead its claims with further particularity." *Id.* While the Fifth Circuit has held that a "formal motion is not always required," for a plaintiff to amend its complaint, a "bare request in an opposition to a motion to dismiss–without any indication of the particular grounds on which the amendment is sought" does not suffice. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (internal quotations omitted). Richland's statement fails to "provide any indication of the grounds on which such an amendment should be permitted." *Id.*

Lastly, another chance to amend appears likely to be futile. *See Hart*, 199 F.3d at 247 n.6. Futility means "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Richland's Response does not indicate that it will be able to allege the "who, what, when, where, and how" of the fraud in an amended complaint. *See Willard*, 336 F.3d at 387. Richland has not indicated what additional facts it would allege. As such, it would be futile to grant leave to amend because an amended complaint would fail to properly plead fraud.

While Richland states that "additional documentation" will "undoubtedly be revealed through the discovery process," it fails to provide the Court with *any indication* of what this documentation may be. Doc. 66, Resp., 8. The Fifth Circuit has held that the heightened pleading

standard "prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (internal quotations and citation omitted). Without any indication of what Richland intends to find through discovery, the Court cannot help but view discovery as Richland's last attempt to find facts to support its allegations. The Court will not grant Richland another opportunity to amend its counterclaim.

## IV.

## CONCLUSION

The Court **GRANTS** Held's Motion to Dismiss (Doc. 64). Richland's fraud claim against Held is **DISMISSED WITH PREJUDICE**. Held is hereby dismissed from this case.

**SO ORDERED.**

**SIGNED:** October 22, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE