UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-1416-B |
| RICHLAND TRACE OWNERS ASSOCIATION, INC., | § § § | |
| Defendant/Counter-Plaintiff. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff/Counter-Defendant, Landmark American Insurance Company ("Landmark")'s Motion for Judgment on the Pleadings (Doc. 74). The Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Defendant/Counter-Plaintiff Richland Trace Owners Association, Inc. ("Richland")'s fraud claim against Landmark.

### I.

### BACKGROUND

This case arises from an insurance coverage dispute. Landmark insured Richland's building. Doc. 46, First Am. Counterclaim, ¶ 61. During a severe winter storm, pipes burst in Richland's building, causing millions of dollars in damages. *Id.* ¶ 63.

Landmark retained a company, J.S. Held ("Held"), a building consultant, to determine the cost to repair Richland's building. *Id.* ¶ 66. Landmark "wrongfully denied coverage" and through Held "manually manipulated estimates to reduce Xactimate pricing and undervalue the claimed

-1-

damages at the property as shown in estimate audits." *Id.* ¶ 68. Richland does not explain what Xactimate is in its Amended Counterclaim.

Landmark brought a claim for declaratory relief against Richland. Doc. 1, Compl., ¶¶ 49–51. Richland filed various counterclaims against Landmark. Doc. 17, First Am. Answer, ¶¶ 82–99. A year later, Richland amended its First Amended Counterclaim to assert a counterclaim for fraud against Landmark and Held. Doc. 46, First Am. Counterclaim, ¶¶ 100–02. Richland alleges that Landmark "conspired" with Held, to make "material false representations to [Richland] with knowledge of their falsity . . . by manually manipulating estimates to . . . undervalue the claimed damages at the property." *Id.* ¶ 101.

Held filed a Motion to Dismiss Richland's fraud claim with prejudice, which the Court granted. Doc. 73, Mem. Op. & Order. Landmark has since filed a Motion for Judgment on the Pleadings, arguing that Richland did not plead its fraud claim with particularity. Doc. 74, Mot., 3. The Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. FED. R. CIV. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (internal quotations omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). But a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## III.

## ANALYSIS

A.   *Richland Did Not Plead Fraud with Particularity.*

The elements of a common law fraud claim under Texas law are (1) a material representation was made; (2) the representation was false; (3) the speaker knew it was false or made it recklessly; (4) the speaker made the representation with the intent that the other party should rely on it; (5) the other party relied on it; and (6) the party was injured because of its reliance. *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 406 (5th Cir. 2007); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Fraud claims are subject to a heightened pleading standard. To survive a motion to dismiss, a plaintiff must allege the elements of fraud with particularity. FED. R. CIV. P. 9(b); *Dorsey*, 540 F.3d at 339. "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Richland failed to plead any of these elements with particularity. Richland alleges that Landmark "conspired" with Held and (1) made material representations about price estimates for repairing the pipes; (2) manipulated those price estimates; (3) intentionally; (4) with the intent that Richland would rely on them; (5) that Richland did rely on them; and (6) Richland suffered injuries by not receiving full recovery for its property damages. *See* Doc. 46, First Am. Counterclaim, ¶ 101. But Richland did not plead the "who, what, when, where, and how" with particularity.

First, Richland did not properly plead "who" made the alleged statement. Richland simply alleges that Landmark conspired with Held and "manually manipulated estimates." Doc. 46, First Am. Counterclaim, ¶ 68. Richland does not explain what the manual manipulation entailed. Landmark and Held are companies, not individuals. *Id.* ¶¶ 58–59. Identifying Landmark and Held as the "who" is not sufficient. *See 7-Eleven, Inc. v. Puerto Rico-7 Inc.*, No. 3.08-cv-000140-B, 2008 WL 4951502 at *4 (N.D. Tex. Nov. 19, 2008) (Boyle, J.). Instead, the plaintiff must identify the companies' representative(s) who made the statement. *Id*. Because Richland did not allege which employees or representatives of Landmark and Held conspired to manipulate the estimates, it failed plead the "who" with particularity.

Richland likewise did not properly plead "when" and "where" the alleged misrepresentation occurred. Richland alleges that "Landmark, through . . . [Held] manually manipulated estimates."

Doc. 46, First Am. Counterclaim, ¶ 68. But it does not assert when or where the alleged manipulation occurred or when or where Landmark used the manipulated estimates to create a fake insurance report. Richland argues the "when" was "the specific claims handling period" during which Held undervalued the claim and the "where" was at Richland's property. Doc. 76, Resp., 7. But stating that the fraudulent statement was made throughout the entire duration of the business relationship without alleging the length of the relationship is insufficient for the "when" of fraud. *See 7-Eleven Inc.*, 2008 WL 4951502, at *5 ("To simply allege the misrepresentations were made during the due diligence period is not specific enough to meet the requires of Rule 9(b) because the . . . period . . . could have been weeks or months."). For similar reasons, stating the only location relevant to the claim is insufficient for the "where." *See id.* at *5.

Richland did not properly plead "what" statement was fraudulent and "how" it was fraudulent. Richland did not allege what specific information was manipulated. It did not allege how the price estimates worked. It did not allege how it discovered that the price estimates were manipulated. It did not allege what Landmark communicated to Richland. The Court finds that Richland's allegations fail to plead the "who, what, when, where, and how" of a fraud claim. *See Dorsey*, 540 F.3d at 339.

In its Response, Richland attached an Xactimate Variation Report ("Expert Report"), which "was prepared by Richland's consulting expert, using the Xactimate ESX Files provided . . . by Landmark." Doc. 76, Resp., 7. Richland argues that "there are significant fluctuations in the estimate totals." Doc. 76, Resp., 7. However, the Court will not consider the Expert Report. When ruling on a 12(c) motion, courts may only consider documents that "are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir.

2003). While this is central to Richland's fraud claim and the underlying data cited in the Expert Report (i.e., Landmark's price estimates) are referred to in Richland's Amended Counterclaim, the Expert Report is not.[1] Thus, the Court will not consider it.

In its 25-page Amended Counterclaim, Richland only includes one allegation against Landmark to support its fraud claim: that it "manually manipulated estimates." Doc. 46, First Am. Counterclaim, ¶¶ 68, 101. Richland entirely fails to allege any facts to plead its fraud claim with particularity.

B.     *The Court Does Not Grant Leave to Amend.*

The Court grants Landmark's request to dismiss Richland's fraud claim with prejudice. *See* Doc. 74, Mot., 5–6. A plaintiff's failure to plead fraud with particularity should not automatically result in dismissal with prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). However, a court may dismiss a fraud claim with prejudice if the pleading defect is futile or if "the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

Another chance to amend would be futile. *See Hart*, 199 F.3d at 247 n.6. Futility means "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Richland's Response does not indicate that it will be able to allege the "who, what, when, where, and how" of the fraud in an amended complaint. *See Willard*, 336 F.3d at 387. Richland has not indicated what additional facts it would allege. As a

---

[1] Even if the Court did consider the Expert Report, it is not persuasive. Richland argues that the Expert Report supports its fraud claim because "there are significant fluctuations in the estimate totals." Doc. 76, Resp., 7. But Richland fails to explain how fluctuations in price estimates create a plausible inference of fraud.

result, it would be futile to grant leave to amend because an amended complaint would fail to properly plead fraud.

While Richland states that "additional documentation" will "undoubtedly be revealed through the discovery process," it fails to provide the Court with *any indication* of what this documentation may be. Doc. 76, Resp., 8. The Fifth Circuit has held that the heightened pleading standard "prevents plaintiffs from filing baseless claims then attempting to discover unknown wrongs." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (internal quotations and citation omitted). Without any indication of what Richland intends to find through discovery, the Court cannot help but view discovery as Richland's last attempt to find facts to support its allegations. The Court will not grant Richland another opportunity to amend its counterclaim.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Landmark's Motion (Doc. 74). Richland's fraud claim against Landmark is hereby dismissed **WITH PREJUDICE**.

**SO ORDERED**.

**SIGNED: January 13, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE